IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Abdul Aleem, et al., <br><br> Plaintiffs, <br><br> -vs- <br><br> Pearce & Durick and Jonathan P. Sanstead, <br><br> Defendants. | Case No. 1:15-cv-85 |
| Dominic Wright, et al., <br><br> Plaintiffs, <br><br> -vs- <br><br> Pearce & Durick, <br><br> Defendant. | Case No. 1:15-cv-98 |

Before the court is the plaintiffs' motion for attorney fees; service awards; reimbursement of expenses,[1] and motion to certify the class; approve settlement; and appoint class representatives and class counsel.[2] The court held a fairness hearing on August 15, 2016, during which time no objections were received and the motions were discussed. This Order memorializes the court's findings.

The court preliminarily certified a class defined as follows:

All persons who have purchased and/or invested in NDD-issued securities and/or ownership interests in real estate ventures promoted by NDD, including without limitation developments known as Great American Lodge -

---

[1] Doc. #61 in Lead Case: 1:15-cv-85

[2] Doc. #67 in Lead Case: 1:15-cv-85.

1

> Watford City West, Great American Lodge - Culbertson, Montana, Transhudson - Parshall, and Great American Lodge - Watford City East, during the Class Period (*i.e.,* the period between May 1, 2012 until June 30, 2015 inclusive).

Excluded from the Class are: (a) Settling Defendants, any entity in which Settling Defendants have a controlling interest or which has a controlling interest in Settling Defendants; and (b) Settling Defendants' legal representatives, predecessors, successors and assigns.

Certification of the class is for settlement purposes only. The lead plaintiffs seek certification as a mandatory class under Fed.R.Civ.P. 23(b)(1)(B) because the proceeds of the settlement constitute a "limited fund" which is inadequate to satisfy all claims arising against the defendants.

The court finds that the class satisfies the criteria under Rule 23(a)(1). In light of the thousands of investors across 60 countries, joinder of all members is impracticable and thus the issue of numerosity is met. In considering the manner in which the investment opportunities were presented and the way they were closed, there are questions of fact and law common to the class and the claims or defenses of the representative parties are typical of the claims and defenses asserted in this action. Finally, the representative parties have adequately and vigorously represented the interests of the class. Because all criteria are satisfied under Rule 23(a)(1), the court grants the motion to certify the class and appoint class representatives.

The court further finds that the settlement class satisfies Fed.R.Civ.P. 23(b)(1)(B). It appears that potential damages, if proven, exceed $60 million. The funds available to satisfy a damages award are unlikely to exceed $5.1 million. Accordingly, the damages, if

proven, would far exceed the funds available. The settlement agreement reached by the parties includes an award of the entire fund, subject to certain recognized exceptions, to compensate the plaintiffs in a fair and equitable manner based on their pro rata net losses in connection with the investments at issue. As such, certification of the mandatory class is appropriate.

The court preliminarily appointed Peiffer Rosca Wolf Abdullah Carr & Kane, PLC.; Hudson Mallaney Shindler & Anderson, P.C.; and the Law Office of Christopher J. Gray, P.C. class counsel under Fed.R.Civ.P. 23(g). The finds that class counsel have significant experience in litigating and settling class actions and securities cases and have demonstrated their knowledge of the applicable law. The court appoints the above-named firms as class counsel.

The court finds that the notice to the settlement class complied with Rule 23 and due process, and that the settlement is fair; adequate, and reasonable. The settlement is based on arm's length negotiations by experienced counsel over several months, and included a mediation session. Class counsel have conducted discovery and reviewed significant information about the defendants' finances. In the absence of a settlement, litigation would be complex, expensive, and protracted. Settlement avoids the risk of defendants' resources being depleted during ongoing litigation and presents a more immediate benefit to class members. Under these circumstances, the court **GRANTS** the motion to certify the class, to approve the settlement, and appoint class representatives and class counsel.

Finally, the plaintiffs seek approval of attorneys' fees, service awards, and reimbursement of expenses. Upon review of all the documents in the record and after considering the parties' arguments, the court **ORDERS** as follows:

(1) An award of $1.5 million in attorneys' fees to plaintiffs' counsel, which is approximately 29% of the settlement value that the court finds to be reasonable in this case;

(2) An award of $50,707.59 in litigation expenses to plaintiffs' counsel;

(3) An award of $25,000.00 for notice and settlement administration expenses to plaintiffs' counsel; and

(4) An award of $5,000.00 in incentive awards for each plaintiff representative [Panircelvan S/O Kaliannan, Siew Geok Tong, Thong Juay Koh, Grant Ford, Dayong Yu, Dominic Wright, Andrew Chittenden, and Carolyn Ford] for a total of $40,000.00.

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 24th day of August, 2016.

/s/   Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court